CHARLES J. SCHUCK, Judge.
This claim is prosecuted for injuries to claimant’s automobile, occasioned while he was traveling on a certain state highway between Pineville and Welch, on December 14, 1936, and caused by a rock or stone sliding off the mountainside and into the path of his automobile, causing it to be wrecked arid entailing a loss to the claimant in the amount of four hundred or five hundred dollars. The road was in good condition (record p. 5) but claimant maintained that the banks along the road were thawing and that the stone or rock broke loose from the mountain side, rolled down the bank at swift speed, and before he could stop his automobile, the stone or rock *231 struck the machine, caúsing it to swerve from the road and turn over down an embankment (record p. 7).
The evidence fails to show in any manner how the state road commission was negligent or that the stone in question that caused the accident was known to be or had been dangerous to travel on the highway in question, or that the state road commission or its agents or employees could have known of the condition and situation with reference to the sliding of the stone. Not a word is shown in the record that the state road commission or its employees ever knew of the position of the stone in question or that it might become dangerous to travel on the said highway; nor is there any evidence to show that the state road commission or any of its employees or agents had ever been informed of the possibility or probability of the stone in question falling to the highway, and thus becoming dangerous to travel and traffic. Considering the topography of the place where the accident happened, that it is hilly and mountainous, it is apparent that stones or rocks on the sides of the embankments are liable to fall or slip on to the highway, and that, therefore, the state road commission must take the necessary precaution, so far as humanly possible, to prevent injuries to traffic or to travel. So far as the evidence reveals such precautions were taken. The state is not a guarantor of safety to the traveling public, since if it had such burden placed upon it the state as a whole might soon be bankrupt and unable to function as a commonwealth or as a body politic. We repeat that there is no evidence, as shown by the record, that indicates any negligence whatever on the part of the state road commission, its agents, or employees, or that they had notice of the possibility of the stone in question falling to the highway, or that they could have known of the possibility of the said stone slipping or falling by an examination of the embankment at the place of the accident. Under all these conditions and circumstances, we deny an award.